### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

| | |
|---|---|
| S.A. by next friend SHANTELL ALLEN, *et al.*, | ) ) ) |
| | ) Cause No.: 2:22-cv-359 |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| E. I. DU PONT DE NEMOURS AND COMPANY, *et al.*, | ) ) ) |
| | ) |
| Defendants. | |

### <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1442(a)(1), 1331, 1441, and 1446, E. I. du Pont de Nemours and Company ("DuPont") and The Chemours Company ("Chemours") (collectively, "DuPont Defendants") submit this Notice of Removal.

1.      On or about October 24, 2022, plaintiffs commenced an action in the Lake County Superior Court entitled *S.A. by next friend Shantell Allen, et al. v. E. I. du Pont de Nemours and Company, et al.*, Cause No. 45D05-2210-CT-001083 (the "State Court Action"). A true and correct copy of the Complaint filed in the State Court Action is attached as Exhibit A.

2.      Plaintiffs served DuPont Defendants with the Complaint no earlier than November 1, 2022.  True and correct copies of the summonses served on DuPont and Chemours enclosing the Complaint are attached as Exhibits B and C.

3.      As shown below, this Court has subject-matter jurisdiction under the federal officer removal statute, 28 U.S.C. § 1442(a).

4.      Plaintiffs allege they were exposed to "lead, arsenic, and other toxic substances" at and around their residences, or while attending school or other programs, in Zone 1 (the West

Calumet Housing Complex and Carrie Gosch Elementary School) of the USS Lead Superfund Site in the City of East Chicago, Indiana. *See* Complaint Intro. & ¶¶ 1, 7, 11, 49, 63, 68.

5.      Plaintiffs allege that DuPont's operation of its facility and use of its property in East Chicago, Indiana, exposed plaintiffs to hazardous substance contamination. *See id.* ¶¶ 45, 49. Plaintiffs allege that Chemours assumed at least some portion of DuPont's liability. *See id.* ¶ 25.

6.      Plaintiffs bring claims of negligence (Count I) and negligent infliction of emotional distress (Count II) against all defendants. Plaintiffs seek compensatory and punitive damages, an order establishing a medical monitoring protocol, attorneys' fees and costs, and pre- and post-judgment interest. *See id.* Prayer for Relief at ¶¶ A-F.

7.      The Complaint contains factual allegations and legal claims similar to those in four other complaints previously filed in Lake County Superior Court against DuPont Defendants and other defendants and removed to this Court under the Class Action Fairness Act ("CAFA") and the federal officer removal statute. *See Holiday, et al. v. Atlantic Richfield Company*, *et al.,* Cause No. 2:16-cv-00525-PPS-JPK (removed Dec. 20, 2016 under CAFA and federal officer removal statute); *Barbee, et al. v. Atlantic Richfield Company, et al.*, Cause No. 2:17-cv-00193-PPS-JPK (removed Apr. 26, 2017 under federal officer removal statute); *Baker, et al. v. Atlantic Richfield Company, et al.*, Cause No. 2:17-cv-00429-PPS-JPK (removed Nov. 15, 2017 under federal officer removal statute); and *Adams, et al. v. Atlantic Richfield Company*, *et al.,* Cause No. 2:18-cv-00375-PPS-JPK (removed October 4, 2018 under federal officer removal statute).

8.      Plaintiffs filed motions to remand in *Holiday, Barbee*, *Baker*, and *Adams*. On March 7, 2018, the Court denied *Holiday* plaintiffs' motion to remand, holding that removal was

proper under CAFA and declining to address whether the federal officer removal statute also supported removal. *See Holiday* ECF No. 101 at 4. On September 30, 2019, the Court granted *Baker* plaintiffs' motion to remand that case to state court. After DuPont Defendants and Atlantic Richfield Company ("ARCO") appealed the remand order, the Court stayed the *Baker* remand order, as well as the *Holiday*, *Barbee*, and *Adams* cases, pending the outcome of the *Bake*r appeal.

9.      On June 18, 2020, the Seventh Circuit reversed the Court's remand order in *Baker*, holding that removal was proper under the federal officer removal statute. *Baker v. Atl. Richfield Co.*, 962 F.3d 937 (7th Cir. 2020). Plaintiffs subsequently withdrew their motions to remand in *Barbee* and *Adams*, and their motion to certify for appeal the Court's denial of remand in *Holiday*. *Barbee* ECF No. 106; *Adams* ECF No. 109; *Holiday* ECF No. 146.

10.     The *Allen*, *Holiday*, *Barbee*, *Baker*, and *Adams*, actions are related actions under N.D. Ind. L.R. 40-1(d) because the complaints allege similar facts and claims.

11.     This Notice of Removal is based on the DuPont Defendants' right of removal under the federal officer removal statute, 28 U.S.C. § 1442(a)(1).

## Federal Officer Removal

12.     The federal officer removal statute allows a private person, including corporations such as DuPont Defendants, to remove a state court action when acts that are the subject of the plaintiff's action were carried out by the corporation while acting under an agency or officer of the United States. *See, e.g.*, *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1180-81 (7th Cir. 2012).

13.     This statute provides in pertinent part:

§ 1442.  Federal officers or agencies sued or prosecuted

(a)  A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed

by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

14. The federal officer removal statute is to be liberally construed in favor of removal. *See, e.g.*, *Watson v. Philip Morris Cos.*, 551 U.S. 142, 147 (2007); *Ruppel*, 701 F.3d at 1181.

15. Under Seventh Circuit precedent, removal by a government contractor is proper under the federal officer removal statute where the removing party shows "it was a (1) person (2) acting under the United States, its agencies, or its officers (3) that has been sued for or relating to any act under color of such office, and (4) has a colorable federal defense to the plaintiff's claim." *Ruppel*, 701 F.3d at 1180 (quotations omitted).

16. As the Seventh Circuit previously found, DuPont and Chemours are "persons" for purposes of the statute, satisfying the first prong of the *Ruppel* test. *See Baker*, 962 F.3d at 941.

17. As in *Baker*, plaintiffs are suing DuPont Defendants for actions DuPont took "acting under" an officer or agency of the United States because they are suing DuPont Defendants for allegedly causing their exposure to hazardous substances "*such as* lead and arsenic." *See, e.g.*, Complaint ¶ 49 (emphasis added).

18. At its East Chicago location, DuPont or its subsidiaries manufactured chemicals for the government during World War II, including Freon-12. Affidavit of Sathya Yalvigi ("Yalvigi Aff.") ¶¶ 14, 17, attached as Exhibit D.

19. During World War II, in order to procure Freon-12 for the government, the Defense Plant Corporation ("DPC") directed DuPont to construct a new plant to produce Freon-12. *Id.* ¶ 14. The DPC was a federal agency (a subsidiary of the Reconstruction Finance

Corporation chartered by Congress) that ensured that plants needed by the government for the war effort were constructed, equipped, and operated.[1]

20.     All aspects of the design and construction of this plant were subject to DPC review and approval. *Id.* ¶ 15. On June 21, 1944, DuPont entered into a lease as a lessee and a supplemental agreement with the DPC that provided that the government or its suppliers would be the sole customers of the Freon-12 and hydrochloric acid[2] facilities at East Chicago. *Id.* ¶¶ 16, 17.

21.     The government closely controlled the design, construction, and operation of the Freon-12 and hydrochloric acid facilities. *Id.* ¶¶ 15, 18. The government controlled the products to be produced at these DPC-owned facilities and approved the manufacturing processes used. *Id.* ¶ 19.

22.     The DPC assigned a supervising engineer and other support staff to DuPont's East Chicago site for that purpose. *Id.* ¶ 20.

23.     DuPont manufactured Freon-12 for the government under these conditions from August 16, 1944 to September 13, 1945, shortly after the end of the war. *Id.* ¶ 21.

24.     In addition, from 1945 to 1946, the Metal Reserve Division[3] of the Reconstruction Finance Corporation allocated lead to DuPont's East Chicago manufacturing

---

[1] *See* Records of the Reconstruction Finance Corporation, National Archives, *available at* https://www.archives.gov/research/guide-fed-records/groups/234.html#234.5.1 (last accessed Nov. 14, 2022).

[2] Hydrochloric acid is a by-product of Freon-12 production.

[3] The Metal Reserve Division was the successor to the Metals Reserve Company, which was established "to procure, stockpile, and dispose of strategic and critical metals and minerals, and to pay subsidies to their producers." *See* Records of the Reconstruction Finance Corporation, National Archives, *available at* https://www.archives.gov/research/guide-fed-records/groups/234.html#234.5.1 (last accessed Nov. 14, 2022).

facility. *Id.* ¶ 23. Specifically, the Metal Reserve Division allocated lead to DuPont's East Chicago manufacturing facility in September 1945, April 1946, October 1946, and December 1946. *Id.* ¶ 24.

25. DuPont was "acting under" a United States agency because it operated its East Chicago facility under the direction, supervision and control of the DPC for the purpose of assisting the Navy Department and others acquire chemical materials for the war effort. *Id.* ¶¶ 14, 15, 17, 18, 19, 20. Thus, DuPont Defendants satisfy the second prong of the *Ruppel* test. *See Ruppel*, 701 F.3d at 1181; *Baker*, 962 F.3d at 942-43.

26. DuPont and its subsidiaries manufactured hazardous chemical materials at its East Chicago facilities pursuant to the direction, supervision and control of federal government agencies. *See* ¶¶ 14-20 above. Any number of substances created as a result of these government-controlled operations could have caused or contributed to the hazardous substance contamination that plaintiffs allege caused them injuries. Consequently, as in *Baker*, plaintiffs are suing DuPont Defendants for acts including those taken, or related to acts taken, "under color" of the DPC because there is a "connection or association" between the act in question and the federal office, satisfying the third prong of *Ruppel's* test for removability. *Baker*, 962 F.3d at 944-45; *see Ruppel*, 701 F.3d at 1181 (quoting *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 431 (1999)); Yalvigi Aff. ¶¶ 14-24.

27. DuPont Defendants intend to raise and rely on the government contractor defense provided by *Yearsley v. W.A. Ross Constr. Co.*, 309 U.S. 18 (1940), *Boyle v. United Techs. Corp.*, 487 U.S. 500 (1988), and their progeny. The government contractor defense protects certain contractors from state-law tort suits, thereby protecting the government's exercise of discretion. *See Boyle*, 487 U.S. at 511 (warning against "permitting 'second guessing' of these

[discretionary] judgments... through state tort suits against contractors") (quoting *United States v. Varig Airlines*, 467 U.S. 797, 814 (1984)). Plaintiffs' state-law tort action against DuPont Defendants is an impermissible "second guessing" of the government's discretionary judgments made in connection with the war effort.

28.     At this juncture, DuPont Defendants need not prove that the federal contractor defense applies; they need only show that it is a "colorable" defense. *See Ruppel*, 701 F.3d at 1181-82 (requiring that "defense only be colorable, instead of clearly sustainable," and describing standard as one of "plausib[ility]") (citations and quotations omitted). DuPont Defendants can show that the elements of the government contractor defense are satisfied here.

29.     The elements of the government contractor's defense are: "(1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." *Ruppel*, 701 F.3d at 1183. As to the third element, "*Boyle* does not require the contractor to warn the government of every possible danger—only those known to it and not to the government." *See Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 1001 (7th Cir. 1996).

30.     DuPont Defendants satisfy these elements because DuPont manufactured Freon-12 under reasonably precise specifications approved by the DPC, DuPont adhered to those specifications, and the DPC was independently aware of the potential hazards of exposure to substances created by the production of Freon-12. Yalvigi Aff. ¶¶ 15, 18, 19, 25. In 1945 and 1946, the Metal Reserve Division allocated lead to DuPont at the East Chicago manufacturing facility. DuPont Defendants therefore satisfy the fourth prong of *Ruppel's* removability test. *See Baker*, 962 F.3d at 945-46.

7

31.     For all of these reasons, DuPont Defendants are entitled to remove this action under the federal officer removal statute.

32.     DuPont Defendants do not, and do not intend to, waive any defenses to plaintiffs' claims by submitting this Notice of Removal.

**Statutory Requirements**

33.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty days of service of the Summons and Complaint on DuPont Defendants (served no earlier than November 1, 2022).

34.     Because DuPont Defendants are removing under the federal officer removal statute, 28 U.S.C. § 1442(a)(1), consents or joinders from other defendants are not required.

35.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon DuPont Defendants and filed in the State Court Action are attached hereto as Exhibits A-C, E.

36.     The state court where the State Court Action was commenced, Lake County Superior Court, is within this Court's district and division.

37.     A copy of this Notice of Removal will be filed with Lake County Superior Court and served on all counsel of record.


Dated:  November 22, 2022                    Respectfully Submitted,

                                             LEWIS WAGNER, LLP

                                             */s/ Janelle X. Kilies*
                                             JANELLE X. KILIES, No. 30708-49

                                             *Attorney for Defendants E. I. du Pont de Nemours and Company and The Chemours Company*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the foregoing has been served upon the following counsel of record by first class U.S. Mail, postage prepaid, this 22nd day of November, 2022:

Eric S. Pavlack
Colin E. Flora
PAVLACK LAW, LLC
50 E. 91st St., Ste. 305
Indianapolis, IN 46240
Eric@PavlackLawFirm.com
Colin@PavlackLawFirm.com

Walter J. Alvarez
Brock Alvarado
Steven J. Alvarez
WALTER J. ALVAREZ, P.C.
1524 West 96th Ave.
Crown Point, IN 46307
alvarezpclaw@aol.com
brock@gowithalvarez.com
Steven.Alvarez2011@gmail.com

Paul J. Napoli
Coral Marie Odiot-Rivera
Veronica Natalia Vázquez Santiago
Cristina Marie Rodríguez Torres
NAPOLI SHKOLNIK
270 Munoz River Ave., Ste. 201
Hato Rey, PR 00918
pnapoli@nsprlaw.com
codiot@nsprlaw.com
vvazquez@nsprlaw.com
crodriguez@nsprlaw.com

*Attorneys for Plaintiffs*

Thomas M. Connor
Jacqueline R. Sheridan
Dinsmore & Shohl LLP
255 East Fifth Street, Suite 1900
Cincinnati, OH 45202
thomas.connor@dinsmore.com
jacqueline.sheridan@dinsmore.com

Krysta K. Gumbiner
Dinsmore & Shohl LLP
222 West Adams Street, Suite 3400
Chicago, IL 60606
krysta.gumbiner@dinsmore.com

John P. Reed
Harold Abrahamson
Abrahamson, Reed & Bilse
200 Russell Street, 5th Floor
Hammond, IN 46320-1825
jpratlaw@aol.com
aralawfirm@aol.com

*Attorneys for Defendants Hammond Group, Inc., Hammond Lead Products, LLC, Halstab, LLC, and Halox, LLC*

/s/ Janelle X. Kilies
JANELLE X. KILIES

LEWIS WAGNER, LLP
1411 Roosevelt Avenue, Suite 102
Indianapolis, Indiana 46201
(317) 237-0500
jkilies@lewiswagner.com

9