UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| S.A. by next friend SHANTELL ALLEN, *er al*.<br><br>Plaintiffs,<br><br>v.<br><br>E. I. DU PONT DE NEMOURS AND COMPANY, *et al.*,<br><br>Defendants. | CAUSE NO. 2:22-cv-359 |

**OPINION AND ORDER**

This matter is before me on Magistrate Judge Zanzi's Report and Recommendation that the Defendants' motions for partial judgment on the pleadings be denied. [DE 144.] For the reasons outlined below, while I agree with the result that Judge Zanzi recommends, I get there on different grounds.

**Background**

I laid out the allegations in this case in my order on the Defendants' motion to dismiss, so I will only include a brief synopsis here. This is a proposed class action brought by 11 minors who lived or attended school near the U.S. Smelting and Lead Refinery in Lake County, Indiana ("the Site"). In 2016, it was publicly revealed that the Environmental Protection Agency found dangerous levels of lead and arsenic in the soil in communities near the refinery. The West Calumet Housing Complex (where many of the plaintiffs lived) and the Carrie Gosch Elementary School (where many of the plaintiffs went to school) were closed soon after.

Plaintiffs sued two major groups of defendants: E.I. Du Pont De Nemours and Company and the Chemours Company (the "DuPont Defendants"), and Hammond Group, Inc., Hammond Lead Products, LLC, Halstab, LLC, and Halox, LLC (the "Hammond Group Defendants"). Plaintiffs allege that both of these groups of companies used lead and other contaminants in manufacturing products in the area near the Site and were responsible for the contamination. Specifically, the amended complaint alleges that Du Pont "owns property abutting the Site" and has operated a facility adjacent to the Site and that the Hammond Group has "manufacturing operations at two locations south of the Site[.]" [DE 30, ¶¶ 47-48, 51.] Plaintiffs allege that they were exposed to lead, arsenic, and other toxins due to these companies' operations and that the exposure caused them to develop various conditions as well as emotional damages.

Plaintiffs brought suit for negligence and negligent infliction of emotional distress (NIED) and, after substantial litigation including a motion to dismiss that narrowed the claims, the Defendants both moved for judgment on the pleadings against four of the plaintiffs as to the remaining claims against them related to lead contamination. [DE 114; DE 118.] The argument by Defendants is simple. They state that these claims survived a motion to dismiss only because Plaintiffs alleged in their amended complaint that each of the plaintiffs suffered from health conditions caused by lead exposure. [DE 115, 6.] They then point to Plaintiffs' class certification briefing (which remains pending before the court), where Plaintiffs state that four of the plaintiffs forming the proposed medical monitoring group had "no injuries confirmed

yet" but have measurable quantities of lead in their bones. [DE 140-1, 14.] The Defendants view this as a judicial admission binding the Plaintiffs and thus mandating judgment on the pleadings. In other words, Defendants argued that these plaintiffs could not state a proper claim because they admitted that they have no present physical injury.

I referred these motions to Magistrate Judge Abizer Zanzi, and he provided a Report and Recommendation denying the motions. The Defendants timely filed objections to the Report and Recommendation, and that is what is presently before me. [DE 148; DE 149.]

**Legal Standard**

A district court may assign dispositive motions to a magistrate judge, in which case the magistrate judge may submit to the district judge a report and recommended disposition. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009); 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). "The magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to adopt, reject, or modify it." *Schur*, 577 F.3d at 760. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). After a magistrate judge makes a report and recommendation, either party may object within fourteen days. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

A Rule 12(c) motion for judgment on the pleadings is "designed to provide a means of disposing of cases when the material facts are not in dispute and a judgment on the merits can be achieved by focusing on the content of the pleadings and any facts of which the court will take judicial notice." *Hanover Ins. Co. v. R.W. Dunteman Co.*, 446 F. Supp. 3d 336, 341 (N.D. Ill. 2020), *aff'd*, 51 F.4th 779 (7th Cir. 2022) (citation omitted). Courts evaluate Rule 12(c) motions by the same standard as motions to dismiss for failure to state a claim under Rule 12(b)(6). *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014). This means that I must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the Plaintiffs. *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007).

In considering the pending motion, I do not consider matters outside the pleadings. If I did consider such materials, I would be required to convert the motion for judgment on the pleadings to a motion for summary judgment and give the parties notice and an opportunity to present all materials that are pertinent to the motion. *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020). Because discovery is not yet complete in this case and no party has requested that this be converted to a motion for summary judgment, I will not convert it. In short, my focus in deciding the pending motions is squarely on what is in the pleadings, and nothing else.

**Discussion**

The critical issue here centers on what the Plaintiffs said in their class certification briefing. Defendants argue that—for the four plaintiffs at issue—Plaintiffs

made a judicial admission in their class certification brief by stating that each one has "no injuries confirmed yet" [DE 140-1, 14] and that this admission bars their claim. For example, for Plaintiff Z.S., the class certification briefing states that "she had a positive bone lead level test result of 12.30 µg/g bone mineral and has no injuries confirmed yet of her lead exposure." *Id.* Similar statements are made for the other three Plaintiffs who are the subject of the pending motion.

A motion for judgment on the pleadings is focused on the pleadings and any facts which the court may take judicial notice of. *Hanover*, 446 F. Supp. 3d at 341. In this case, Plaintiffs alleged in their amended complaint that each named plaintiff suffered from a health condition caused by lead exposure. In my order on the motion to dismiss, I found that this was sufficient to state an injury for these claims. *S.A. by Allen v. E.I du Pont de Nemours & Co., et al.*, 2023 WL 6976507, at *6 (N.D. Ind. Oct. 20, 2023) ("[A]ll Plaintiffs state a plausible, standalone negligence claim based on their alleged manifested health conditions."); *id.* at *7 ("Plaintiffs have adequately alleged manifest health conditions linked to exposure to hazardous levels of lead and have therefore alleged facts from which one could plausibly infer 'physical changes' that form a 'constructive' physical impact to state a NIED claim.").

Defendants argue in their motion for judgment on the pleadings that Plaintiffs' subsequent statements in their class certification brief described above constitute judicial admissions that the four plaintiffs at issue have no injuries that I may consider at this stage. In his Report and Recommendation, Judge Zanzi did not reach the issue of whether these are judicial admissions. Instead, he found that this is at most careless

drafting by Plaintiffs who, from the context of the total brief and the sentences at issue themselves, were merely trying to distinguish those plaintiffs in the personal injury class with specific medical injuries from plaintiffs in the proposed medical monitoring class with measurable lead levels who do not yet have a particular medical diagnosis. [DE 144, 6-7.] Because he did not interpret the statements as contradicting the amended complaint, he did not reach the issue of whether these statements could even constitute judicial admissions. *Id.* Judge Zanzi then went on to find that the Plaintiffs have tests showing levels of lead in the body, which is "is an injury by itself" sufficient to state a negligence claim and an NIED claim. [DE 144, 8.]

In reviewing Judge Zanzi's Report and Recommendation and the parties' briefing on the objections to it, I conclude that Plaintiff's statements in their class certification motion are not judicial admissions. Therefore, I agree with Judge Zanzi that the Motion for Judgment on the Pleadings should be denied, but for that limited reason alone.

As a preliminary point, I find it ironic that Defendants ask me, on the one hand, to consider the Plaintiffs' statements in the motion for class certification that these plaintiffs have "no injuries confirmed yet" as a judicial admission but, on the other hand, ask me not to consider the statements in the *same sentences* that provide the measured quantity of lead in their bodies. [DE 148 at 5 (Hammond Group arguing that I should consider the "no injuries confirmed yet" language, but not the comments about the detectable lead levels because they "are found in Plaintiffs' Amended Motion for Class Certification"); DE 140-1, 14 ("On July 11, 2025, she had a positive bone lead level

test result of 16.61 µg/g bone mineral and has no injuries confirmed yet of her lead exposure…”).

That aside, I find that the statements made by the Plaintiffs in their class certification briefing do not constitute judicial admissions and may not be considered in a motion for judgment on the pleadings. A party does not merely stumble into a judicial admission. A judicial admission must be a deliberate, clear, and unequivocal statement made during judicial proceedings. *Medcom Holding Co. v. Baxter Travenol Labs., Inc.*, 106 F.3d 1388, 1404 (7th Cir. 1997) (citing with approval the holding in *In re Lefkas*, 153 B.R. 804, at 807 that “[a]ny ‘deliberate, clear and unequivocal’ statement, either written or oral, made in the course of judicial proceedings qualifies as a judicial admission.”). While they can arise at any time in the course of a judicial proceeding, traditionally they are “formal concessions in the pleadings, or stipulations by a party or its counsel.” *Keller v. United States*, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995). Finding a statement to be a judicial admission is no small matter. A judicial admission is binding upon the party making it, and unlike an evidentiary admission, may not be controverted at trial or on appeal. *Id.*

These statements in the class certification briefing do not rise to the level of judicial admissions, as they are not deliberate, clear, or unequivocal. Early in the class certification briefing, Plaintiffs refer to all of the named plaintiffs as having injuries. [*E.g.*, DE 140-1, 8 (“Plaintiffs have defined the classes clearly, using objective criteria tied to exposure, location, timeframe, and injury.”). Then, Plaintiffs discuss their proposed personal injury class and subsequently their proposed medical monitoring class that contains these plaintiffs. In the same sentences that contain the “no injuries

confirmed yet" language, Plaintiffs state the quantity of lead found in those plaintiffs' bones on particular days. *Id.* at 14. These are far from judicial admissions. As Judge Zanzi stated, this is at most careless drafting by Plaintiffs who, in the context of the brief in question and the sentences at issue themselves, were merely trying to distinguish those plaintiffs in the personal injury class from the plaintiffs in the proposed medical monitoring class.

In their amended complaint, Plaintiffs sufficiently alleged health conditions arising from lead exposure for each of the plaintiffs at issue here. Defendants ask that I now, in the midst of discovery, make findings concerning the facts and dismiss plaintiffs' case based on statements by the attorneys in a memorandum of law in support of class certification. "District courts should not allow motions for judgment on the pleadings to deprive the non-moving party of the opportunity to make its case" and "hasty or imprudent use of this summary procedure by the courts violates the policy in favor of ensuring to each litigant a full and fair hearing on the merits of his or her claim or defense." *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 312 (7th Cir. 2020) (citation omitted). The critical issues of what injuries each plaintiff has actually suffered, and whether those injuries constitute sufficient injuries for negligence or NIED claims, are ones that may be taken up at the summary judgment stage. Put simply, in my view, cases should be decided on *evidence*, rather than on throwaway lines in a brief.

Accordingly, I hereby adopt the result in Judge Zanzi's Report and Recommendation on the motions for judgment on the pleadings, but not his reasoning

nor the factual statements that he made in that Report. [DE 144.] Consequently, Defendants' motions for judgment on the pleadings are **DENIED**. [DE 114; DE 118.]

**SO ORDERED**.

ENTERED: September 22, 2026.

/s/Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT